No. 22-35863

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES FALLS,

Plaintiff-Appellant,

v.

SOULBOUND STUDIOS, LLC; et al.

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

District Court Case No. 2:21-cv-00922-JCC

## APPELLANT'S OPENING BRIEF

Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 516
Los Angeles, California 90014
(213) 225-6150 | Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Counsel for Plaintiff-Appellant,
JAMES FALLS

i

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES....................................................................................... iii

I. INTRODUCTION ...........................................................................................1

II. JURISDICTIONAL STATEMENT..................................................................1

III. ISSUES PRESENTED ....................................................................................1

IV. STATEMENT OF THE CASE .......................................................................2

V. SUMMARY OF ARGUMENT......................................................................4

VI. STANDARD OF REVIEW.............................................................................4

VII. ARGUMENT..................................................................................................5

    1. The District Court Misapplied Washington's Rules of Contract
    Interpretation in Assessing Mr. Falls' Contract Claim .........................5

    2. The District Court Applied the Wrong 12(b)(6) Standard in Dismissing
    the CPA Cause of Action ....................................................................7

VIII. CONCLUSION................................................................................................9

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 570 (2007).................................................................. 8

*Berg v. Hudesman*
115 Wn.2d 657, 663, 801 P.2d 222 (1990)....................................... 9

*Borton & Sons, Inc. v. Burbank Properties, LLC*
9 Wn. App. 2d 599, 606, 444 P.3d 1201 (2019)............................... 5

*Emrich v. Touche Ross & Co.*
846 F.2d 1190, 1198 (9th Cir. 1998) ................................................ 7

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*
105 Wash.2d 778, 783-84 (1986) ...................................................... 7

*Holden v. Farmers Ins. Co. of Wash.*
169 Wn.2d 750, 756, 239 P.3d 344 (2010)....................................... 5

*Kelley v. Tonda*
198 Wn. App. 303, 316, 393 P.3d 824 (2017)................................... 5

*Kruso v. Int'l Tel. & Tel. Corp.*
872 F.2d 1416, 1421 (1989).............................................................. 4

*United States v. City of Redwood City*
640 F.2d 963, 966 (9th Cir. 1981) .................................................... 9

*Warren v. Fox Family Worldwide, Inc.*
328 F.3d 1136, 1139 (9th Cir. 2003) ................................................ 8

**Statutes**

28 U.S.C. §1291 .................................................................................1

28 U.S.C. §1332 .................................................................................1

**Rules**

Fed. R. App. P. 4 ........................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1

iv

# I.     INTRODUCTION[1]

This is an appeal from Plaintiff/Appellant, James Falls, to the Court's granting of Defendant/Appellee's Motion to Dismiss. ER-4. The Magistrate Judge issued a Report and Recommendation summarily recommended dismissal of Mr. Falls' statutory and equitable claims. ER-34-42.

Mr. Falls filed Objections to the Magistrate's Report and Recommendation ER-24-32. The Court adopted the Magistrate's Report and Recommendation as the Order for the court, and this appeal ensued.

# II.     JURISDICTIONAL STATEMENT

The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. §1332. The Court of Appeals has jurisdiction pursuant to 28 U.S.C. §1291.

The entry of judgment from the District Court was on October 3, 2022, ER-3-4. Appellant filed this appeal on October 31, 2022. This appeal was timely filed pursuant to Fed. R. App. P. 4. This is an appeal from a final order of judgment that disposed of the entire case.

# III.     ISSUES PRESENTED

The issues presented are whether the District Court erred in granting Appellee's Motion to Dismiss because (1) the District Court did not properly apply Washington's

---

[1] **Appellant attempted to file this brief on Friday March 10, 2023, but learned Counsel did not have privileges to file yet.**

rules of contract interpretation or (2) the District Court did not properly apply the standard for dismissal under Fed. R. Civ. P. 12(b)(6).

## IV.  STATEMENT OF THE CASE

In 2016, Soulbound Studios began developing a video game called Chronicles of Elyria, which purported to be a role-playing video game in which gamers experience a "unique and compelling quest system where personalized, procedurally-generated story arcs follow characters no matter where they go in the world." ER-196.

To finance game development, Soulbound aimed to raise at least $900,000 primarily through a Kickstarter campaign. ER-197.

In 2017, Soulbound released a detailed announcement of its timeline, systems, and progress in developing Chronicles of Elyria. *Id*. The update showcased a video that purported to show game-play footage. *Id*. Nowhere in the announcement or video did Soulbound disclose that the video was not actual gameplay footage. *Id*. Video that appears to be game-play footage is important because it boosts product confidence, which encourages gamers to pre-order content and invest in game development. *Id*. Soulbound even announced a game-launch date window of July to December 2019, which generated further interest in the game. ER-198.

James Falls is one of many people who felt encouraged to pre-order content and invest based partly on Soulbound's announcement and misleading video. He purchased approximately $20,000 in downloadable game content. *Id*. Soulbound in fact generated

2

investments that exceeded $1.3 million and pre-sales exceeding $6.6 million thanks in part to its announcements and misleading video. ER-197.

Unfortunately, Soulbound's pronouncements proved false. To this day, the game has not launched at all. ER-198. Indeed, Soulbound's CEO announced in March 2020 that Soulbound stopped production of Chronicles of Elyria. *Id*. To purchase downloadable content, gamers were required to visit the Chronicles of Elyria website, run by Soulbound, and register an account for the game. *Id*. The registration process required gamers to check a box indicating acceptance of Soulbound's Terms of Use, which said the following about refunds:

> "Section 5. Any portion of funds raised for the provision of the Services shall be non-refundable, unless such funds shall be deemed refundable under terms of services of the third-party service through which those funds for the provision of Services were procured and in effect at the time of provision of those funds." *Id*.

The third-party service, in this case, is a company called Xsolla, Inc., and Soulbound is part of the "Xsolla Group" of software developers subject to Xsolla's refund policy. ER-198-199. Xsolla's refund policy states explicitly that Xsolla will refund pre-orders if the request is made before any content is provided: "We DO honor requests for the refund upon your request on the following reasons: . . . Pre-orders where no content has been delivered yet." ER-199. Consistent with Soulbound's Terms of Use and Xsolla's refund policy, Mr. Falls and others requested a refund because they never received any of their pre-ordered content. *Id*.

3

## V.     SUMMARY OF ARGUMENT

The District Court misapplied Washington's rules of contract interpretation in assessing Mr. Falls' contract claim. The District Court summarily decided, at this early pleading stage, that Soulbound's Terms of Use cannot even plausibly require Soulbound to refund payments for content it did not provide (and never will provide). This conclusion derives from a misapplication of Washington's rules of contract interpretation.

The District Court turned this motion to dismiss into a summary judgment motion by making a factual determination that the game-play footage disseminated by Soulbound did not have the capacity to deceive. Mr. Falls has alleged a violation of the Washington Consumer Protection Act ("CPA"). SBS sent a video to users to showcase gameplay footage, but that the video was actually cinematics rather than footage from the real gameplay environment.  Whether SBS had the capacity to deceive through sending this video to consumers is a question of fact, not something to be adjudicated at a motion to dismiss.

## VI.   STANDARD OF REVIEW

A dismissal under Fed. R. Civ. P. 12, such as the dismissal here, is reviewed de novo. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (1989).

## VII.   ARGUMENT

### 1.   The District Court Misapplied Washington's Rules of Contract Interpretation in Assessing Mr. Falls' Contract Claim.

When interpreting a contract, the primary goal is to determine the intent of the parties. *Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (1990). Courts may look to extrinsic evidence to help determine what was intended. *Id*. at 667. A contract term is ambiguous if it is susceptible to more than one reasonable interpretation. *Holden v. Farmers Ins. Co. of Wash*., 169 Wn.2d 750, 756, 239 P.3d 344 (2010). Ambiguity is generally construed against the drafter. *Borton & Sons, Inc. v. Burbank Properties, LLC*, 9 Wn. App. 2d 599, 606, 444 P.3d 1201 (2019). Courts "will not adopt a contract interpretation that renders part of the contract absurd or meaningless." *Kelley v. Tonda*, 198 Wn. App. 303, 316, 393 P.3d 824 (2017).

Under the foregoing rules, the District Court should have concluded that Mr. Falls has stated a plausible contract claim. Instead, the Court decided that Soulbound's Terms of Use do not require a refund because they do not specifically refer to Xsolla's refund policy. ER-7. This conclusion was based on the rules that: (i) incorporation of an extrinsic document must be clear and unequivocal; and (ii) the contracting parties' clear awareness of and assent to incorporating the extrinsic document. *Id*.

The alleged facts here meet "plausible claim" threshold. On the question of refunds, Section 5 of Soulbound's Terms of Use specifically refers to the "terms of services of the third party service" that processes payment. ER-198-199.This is the specific extrinsic document at issue. What is more, Mr. Falls has alleged facts making it plausible he was clearly aware of and assented to the terms in this extrinsic document. To complete his purchase, Mr. Falls necessarily clicked through the Chronicles of Elyria website to Soulbound's specific third party payment processor's website—Xsolla's website—which stated Xsolla's refund policy. ER-198. Mr. Falls went to Xsolla's website and made payment. There is hardly a stronger indicator of assent. Given this context and the text of Soulbound's Section 5, it is reasonable to conclude that Soulbound intended to incorporate Xsolla's refund policy on transactions processed by Xsolla and that Mr. Falls understood and assented to the incorporation.

The District Court's interpretation also violates the edict against interpretations that render terms meaningless. See *Kelly*, *supra* 198 Wn. App. at 316. The relevant text says services "shall be non-refundable, unless such funds shall be deemed refundable under the terms of the third-party service…" ER-198. This is an ***express exception*** to Soulbound's general policy of not offering refunds. The District Court's reasoning renders this express exception meaningless. If the law required Soulbound's Terms of Use to name the third party processor in order to import the processor's refund policy, the express exception would never apply because the Terms of Service do not name

6

any processor—instead referring generically to "the third party service." [*Id*]. The express exception would be no exception at all.

The correct outcome here is to conclude that Mr. Falls has stated a plausible claim for breach of contract and to require him to prove his case at trial.

**2. The District Court Applied the Wrong 12(b)(6) Standard in Dismissing the CPA Cause of Action**

The Washington Legislature enacted the CPA "to protect the public and foster fair and honest competition." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 783-84 (1986). To prove a CPA claim, a plaintiff must show: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interest; (4) injuring the plaintiff in his business or property; and (5) a causal link between the unfair or deceptive act or practice and the injury. *Id*. at 784-85. These are distinct elements from those required to recover for breach of contract.

Soulbound made false representations about product development and timelines, and it published a misleading video as actual game-play. These deceptive acts enticed Mr. Falls and other consumers to pre-purchase content and invest in game-development. Ultimately, the game was never launched. Soulbound nevertheless wants to keep Mr. Falls' money, as well as that of other similarly situated consumers. Indeed, this presents a classic CPA case.

The issue on a motion to dismiss is not whether a plaintiff will ultimately prevail

7

but whether the claimant is entitled to offer evidence to support the claims." *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1998). To survive such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). Once the pleading standard has been met, the complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. None of this was followed by the District Court.

Instead, the District Court turned this motion to dismiss into a summary judgment motion by making factual findings that "the video at issue did not have the capacity to deceive." ER-10.Soulbound released a detailed announcement which advised of Soulbound's timeline, its systems, and it progress regarding CoE development. ER-197. Within this update, Soulbound showcased a video with game play footage. *Id*. Nowhere did this video say or have any disclaimer which stated that what was being shown was not actual gameplay footage of CoE. *Id*. Instead, Mr. Falls later found out the footage offered as game play footage of CoE was actually cinematics. *Id*. When game play footage is shown it boosts the confidence of the community to further support the developer because it lets consumers know what the

8

game currently looks like. *Id*. This delineation is important because if it was game play footage that means Soulbound had taken actual game development to show its consumers development progress as opposed to cinematics which can be made in a studio to simply post online and is not taken from the actual development of the game. *Id*.

The District Court ignored all these allegations and overstepped its role at the motion to dismiss phase by acting as the fact finder in determining that Soulbound did not have the capacity to deceive. It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Those circumstances were clearly not present here.

## VIII. CONCLUSION

Based on the foregoing reasons, this Court should reverse the District Court's ruling granting Appellee's motion to dismiss and remand the case to the District Court for further proceedings.

DATED this 13th day of March, 2023.

McCATHERN LLP

By: */s/Evan Selik*_____
Evan Selik (*Pro Hac Vice*)
Christine Zaouk (*Pro Hac Vice*)
523 W. Sixth Street, Suite 516
Los Angeles, CA 90014
Tel: (213) 225-6150
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

9

HILLIS CLARK MARTIN & PETERSON P.S.

By: /s/Michael J. Ewart_____
Michael J. Ewart, WSBA #38655
999 Third Avenue, Suite 4600
Seattle, WA 98104
206.623.1745
jake.ewart@hcmp.com

10

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Statement of Related Cases Pursuant to Circuit Rule 28-2.6

**9th Cir. Case Number 22-35863**

The undersigned attorney or self-represented party states the following:

[X]  I am unaware of any related cases currently pending in this court.

[ ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature**  /s/ Evan Selik                              **Date** March 13, 2023

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Certificate of Compliance for Briefs**

**9th Cir. Case Number 22-35863**

I am the attorney or self-represented party.

**This brief contains <u>2797</u> words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _____/s/ Evan Selik_____ **Date** _March 13, 2023_____

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

Executed on March 13, 2023, at Los Angeles, California.

/s/ Erika M. Donis
Erika M. Donis